IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLYNN WARD, | No. CIV S-09-2542-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| OROMDE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is Defendant Swift's[1] unopposed motion to dismiss (Doc. 241).

/ / /

/ / /

---

[1] Defendant Swift was identified in the complaint as defendant Bonnie. However, from the current motion, it appears this defendant's surname is actually Swift. The Clerk of the Court will be directed to update the docket to indicate the correct name of defendant B. Swift.

1

### I. BACKGROUND

This action proceeds on Plaintiff's original complaint (Doc. 1), against three defendants: Oromde, Kirshner, and Swift. Plaintiff alleges the defendants subjected him to cruel and unusual punishment, in violation of his Eighth Amendment rights, through the improper use of mechanical restraints, keeping him in a van in excessive heat, and failing to provide medical treatment thereafter.

### II. MOTION TO DISMISS

Defendant Swift filed the pending motion to dismiss on the basis that plaintiff failed to exhaust his administrative remedies related to the claim against her prior to filing this action. Plaintiff did not file an opposition to the motion.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

1  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of
2  the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies
3  while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The
4  Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199
5  (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in
6  the complaint because lack of exhaustion is an affirmative defense which must be pleaded and
7  proved by the defendants; (2) an individual named as a defendant does not necessarily need to be
8  named in the grievance process for exhaustion to be considered adequate because the applicable
9  procedural rules that a prisoner must follow are defined by the particular grievance process, not
10 by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,
11 but not all, claims are unexhausted.
12         The Supreme Court also held in Woodford v. Ngo that, in order to exhaust
13 administrative remedies, the prisoner must comply with all of the prison system's procedural
14 rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus,
15 exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.
16 Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance
17 which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.
18 at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the
19 quantity of prisoner suits "because some prisoners are successful in the administrative process,
20 and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.
21         A prison inmate in California satisfies the administrative exhaustion requirement
22 by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of
23 Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or
24 policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code
25 Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several
26 levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution

3

1 head; (4) third level appeal to the director of the California Department of Corrections and
2 Rehabilitation.  A decision at the third formal level, which is also referred to as the director's
3 level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.
4 Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may
5 summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§
6 3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action,
7 one grievance form is used and a list of the participating inmates must be attached.  The list must
8 be legible and state the inmates' names, departmental identification numbers, and housing
9 assignment.  The form must also be signed by all participating inmates.  Currently, California
10 regulations do not contain any provision specifying who must be named in the grievance.

11        In certain circumstances, the regulations make it impossible for the inmate to
12 pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939
13 n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by
14 prison officials as a "staff complaint" and processed through a separate confidential process,
15 prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing
16 Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff
17 complaint."  See id. at 940.  If there are separate claims in the same grievance for which further
18 administrative review could provide relief, prison regulations require that the prisoner be notified
19 that such claims must be appealed separately.  See id. at 939.  The court may presume that the
20 absence of such a notice indicates that the grievance did not present any claims which could be
21 appealed separate from the confidential "staff complaint" process.  See id.

22        Here, defendant Swift argues none of plaintiff's inmate grievances raise any claim
23 against her or anyone else related to the lack of medical care following the incident on August
24 14, 2008.  In support of this position, defendant Swift includes declarations from Appeals
25 Coordinators who maintain records of the prisoner appeals.  According to the declarations, no
26 inmate grievance was filed by plaintiff relating to the lack of medical care following the August

14, 2008, incident.

In addition, plaintiff attached as exhibits to his complaint copies of the inmate grievances he filed related to the August 14, 2008, incident. In the grievances, plaintiff complained about injuries he claims he sustained through the improper use of the restraints, and about being required to sit in the hot van for an extended period of time. However, there is nothing in the inmate grievances related to the lack of, or refusal to provide, medical care. The only mention of medical care was his request that he receive followup medical care as part of the relief he requested. Therefore, any claim relating to the lack of medical treatment or refusal to provide medical care is unexhausted, and the motion to dismiss will be granted.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Swift's motion to dismiss (Doc. 24) is granted, without prejudice;

2. The Clerk of the Court is directed to update the docket to correctly show defendant B. Swift as one individual;

3. Defendant Swift is dismissed from this action for plaintiff's failure to exhaust administrative remedies; and

4. This action shall proceed against defendants Oromde and Kirshner only.

DATED: June 6, 2011

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE